NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0458n.06

No. 19-2233

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

DONALD RICHARDSON,                                )
                                                  )
       Plaintiff-Appellant,                   )
                                                  )
v.                                                )   ON APPEAL FROM THE
                                                  )   UNITED STATES DISTRICT
SCOTT MASTELLER,                                  )   COURT FOR THE WESTERN
                                                  )   DISTRICT OF MICHIGAN
       Defendant-Appellee.                    )
                                                  )

FILED
Aug 04, 2020
DEBORAH S. HUNT, Clerk

Before: ROGERS, KETHLEDGE, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. Donald Richardson claimed that Deputy U.S. Marshal Scott Masteller used excessive force during the execution of a warrant to arrest him. A jury rejected Richardson's claim, and he appealed. We reject his arguments and affirm.

One night in May 2015, Masteller and a group of officers went to Richardson's house to arrest him for a parole violation. When they arrived, the officers surrounded the house. Several of them banged on the front door, announced that they had a warrant, and demanded that Richardson come out.

Masteller was near the back of the house. He heard a clunking sound while the other officers were banging on the door, so he drew his sidearm and went to investigate. Around the side of the house, Masteller saw that Richardson had pushed back the screen of a first-floor window and was squeezing through the opening, head-first. Masteller shouted "police" and repeatedly told Richardson to freeze, but Richardson kept crawling out, holding a black object in his hand. When

Richardson got free of the window, he looked at Masteller and started to raise the object. Masteller, thinking that Richardson had a gun, fired a single round that struck Richardson in the back.

The officers quickly arrested Richardson and discovered that Richardson had been holding a black cell phone rather than a gun. An ambulance took Richardson to a hospital, where doctors removed the bullet from his back.

Richardson thereafter filed a *Bivens* action against Masteller, alleging that Masteller had used excessive force in violation of the Fourth Amendment. *See generally Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). At the end of a trial, a jury rejected Richardson's claim and found in favor of Masteller. This appeal followed.

Richardson argues that the jury pool in his trial did not represent a "cross-section" of the community. But Richardson never objected to the composition of the jury pool. Hence that argument is forfeited. *See United States v. Ovalle*, 136 F.3d 1092, 1108 n.17 (6th Cir. 1998). Second, Richardson argues that the verdict form submitted to the jury incorrectly stated the requirements for finding Masteller liable. But the specific language to which Richardson now objects was proposed to the court by Richardson himself, and he did not object to its use below. This argument is therefore waived. *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009); *United States v. Demmler*, 655 F.3d 451, 458–59 (6th Cir. 2011); *see also* Fed. R. Civ. P. 51(c); *Libbey-Owens-Ford Co. v. Ins. Co. of N. Am.*, 9 F.3d 422, 428 (6th Cir. 1993).

The district court's judgment is affirmed.